# MARTHA SHERRET
## v.
# ROYAL CLAN OF THE ORDER OF SCOTTISH CLANS.

*Life Insurance—Mutual Benefit Association—Assessments—Failure to Pay—Suspension—Abandonment of Membership—Evidence—Witness—Interested Party.*

In an action by the beneficiary named therein, to recover upon a certificate issued by a mutual benefit association, this court holds there was a breach of a condition thereof touching the payment of assessments, likewise evidence of abandonment of the association on the part of assured, and declines to interfere with the judgment for the defendant.

[Opinion filed December 11, 1890.]

IN ERROR to the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.

Messrs. S. P. DOUTHART and S. B. FOSTER, for plaintiff in error.

Messrs. BLAIR & MARCH, for defendant in error.

WATERMAN, J.   This was a suit by the beneficiary to recover what is known as the bequeathment fund claimed to be due upon the death of William Sherret.

The certificate issued to him provides that "No clansman shall be entitled to the bequeathment, unless all his dues and assessments are paid in conformity with the constitution and by-laws of the order."

The by-laws provide that the assessment on the death of any clansman shall be $1.05, and that any clansman failing to pay within thirty days shall be suspended from the clan and from all benefits or participation in the bequeathment, and shall not be re-instated until re-examined at his expense by the physician, and certified to be in good health, bodily and mentally, and on payment of all assessments for which he may be in arrears.

The only question in the case was as to William Sherret's having failed to pay assessments, and being in arrears and suspension therefor at the time of his death.

That he was for a time in arrears for a number of assessments was not seriously disputed; but the plaintiff claimed that this was without his fault, because the secretary, Mr. Wilson, declined to receive the money, and also that when the amount due from Mr. Sherret had been ascertained, it was paid.    It was further contended by the plaintiff that no notice of any assessment was received by William Sherret, and that consequently he could not be suspended for non-payment.

These were all questions of fact upon which there was evidence tending to sustain the position of the plaintiff; and also much, and as we think, a preponderance of evidence in favor of the position of the defendant and the finding of the court.

Mr. Sherret appears to have for some reason concluded to abandon his membership.    He expressed himself as disgusted with the clan, and when called upon by the chief to pay up his arrears, replied that he was tired of the clan and did not wish to pay any more assessments.    There was, when his arrears amounted to over $13, and upon the day of his death, an offer to pay up all assessments ; this the clan declined to receive.    The testimony as to his illness came far short of establishing that when not three months in arrears he was incapable, from either sickness, accident or injury to his person, of following any business whereby he might obtain a livelihood.    The finding of the court as to the facts seems to have been fully warranted by the evidence.

It is insisted that the court erred in admitting the testimony of A. G. Hodge, chief of the clan, because, he being liable to assessment, was an interested party.

Our statute, Chapter 51, removes all the common law disabilities of witnesses on account of interest, except in certain cases.    The case of Mr. Hodge is not within the exceptions.

Mrs. Sherret does not bring this suit as executor, administrator, heir, legatee or devisee of her deceased husband, but simply as the beneficiary named in the certificate by him received from the order

Perceiving no error in the record, the judgment of the court below must be affirmed.

*Judgment affirmed.*